

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. HOLLAND )<br>                     Plaintiff, )<br>v.                              )<br>                                )<br>                                )<br>Michael Mitcheff, Regional Medical Director; )<br>**Mandip Bartels, Regional Medical Director;** )<br>B. Loveridge, M.D; D. Allen, N.P.; **Deborah L. Perkins, N.P.** )<br>**Neil J. Martin; John M. Nwannunu, M.D.;** and )<br>**Corizon Corporation** )<br>                     Defendants.[1] ) | CIVIL ACTION No.<br><br>1:14-cv-02065-SEB-MJD |

## AMENDED CIVIL RIGHTS COMPLAINT

---

[1] [Each of the named Defendants is sued in their individual and official capacity as employees of Corizon Corporation who has entered into a contract with the Indiana Department of Corrections to provide medical care of prisoners confined within the State of Indiana by the Indiana Department of Correction.]

I. Parties A. Plaintiffs Information:

Name and Prisoner Number of Plaintiff: John M. Holland, IDOC #031008

Present Place of Confinement or Mailing Address: New Castle Correctional Facility, P.O. Box A, New Castle, Indiana 47362

**B. Defendant's Information:** *(NOTE: To provide information about more defendants than there is room for here, use this format on another sheet of paper.)*

Name of Defendant 1: Michael Mitcheff
Title (If applicable): Medical Doctor
Address of Defendant: Indiana Department of Correction
402 West Washington Street
Indianapolis, IN 46204

Name of Defendant 2: D. Allen
Title (If applicable): Nurse Practitioner
Address of Defendant: New Castle Correctional Facility
1000 Van Nuys
New Castle, IN 47362

Name of Defendant 3: B. Loveridge, MD
Title (If applicable): Medical Doctor
Address of Defendant: New Castle Correctional Facility
1000 Van Nuys
New Castle, IN 47362

Name of Defendant 4: **Mandip Bartels**
Title (If applicable): Medical Doctor
Address of Defendant: Indiana Department of Correction
402 West Washington Street
Indianapolis, IN 46204

Name of Defendant 5: **Deborah L. Perkins**
Title (If applicable): Nurse Practitioner
Address of Defendant: New Castle Correctional Facility
1000 Van Nuys
New Castle, IN 47362

Name of Defendant **6:**       **John M. Nwannunu, M.D**
Title (If applicable):         Medical Doctor
Address of Defendant:          Wabash Valley Correctional Facility
   :                           P.O. Box 500
                               Carlisle, Indiana 47838-0500

Name of Defendant **7:**       **Neil J. Martin**
Title (If applicable)          Medical Doctor
Address of Defendant:          Wabash Valley Correctional Facility
   :                           P.O. Box 500
                               Carlisle, Indiana 47838

Name of Defendant **8:**       **Corizon Corporation**
Title (If applicable):         Corporation
Address of Defendant:          105 West Park Drive, Suite 200
                               Brentwood, TN 32027

## II. Jurisdiction

Jurisdiction is invoked pursuant to:

28 U.S.C. § 1331;

28 U.S.C. § 1367(c)

42 U.S.C. § 1983

## III. Basis for Claims

Check any Applicable Item(s):

___X___ Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (state, county, or municipal defendants)

_____ Complaint under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971) (federal defendants)

_____ Other (cite statute, if known)_____

3

## IV. Background of Claims

**BRIEFLY** state the background of your case and claims.

1.      John Holland. IDOC# 031008, (hereinafter, "Plaintiff"), while a prisoner at Wabash Valley Correctional Facility (hereinafter, "WVCF"), suffered a stroke on April 7, 2014, and was transferred to the Terre Haute Regional Hospital, (hereinafter, "THRH"), for medical treatment. On April 22, 2014, Plaintiff was transferred back to "WVCF" from the "THRH." The medical doctor at "THRH" provided medical staff at "WVCF" with test results and other documents to see that Plaintiff continued to receive necessary medical treatment including medications and rehabilitation, See Exhibit A, pages 1-16, attached, and incorporated herein.

2.      **On or about April 23, 2014, Defendant John M. Nwannunu denied Plaintiff the previously ordered pain medication, by a "THRH" medical doctor, Irving Haber, and questioned whether Plaintiff should be given the physical therapy previously ordered by a "THRH" doctor, Irving Haber.**

3.      Kim Hobson **in May, 2014,** at the direction of **Defendant Neil J. Martin, M.D., who also denied pain medication to Plaintiff** contacted Defendant Michael Mitcheff **and Mandip Bartels.** Defendants Mitcheff **and Bartels** ordered Plaintiff pain medication stopped, reduced other medication used to control nerve damage to the point of not providing relief, and refused to allow Plaintiff the rehabilitation order by doctors at the "THRH" by refusing to allow Plaintiff to be transferred for that medical treatment.

4.      Kim Hobson attempted to have Plaintiff's pain medication restarted two or three times but was unable to do so **because of Defendants Corizon Corporation, Michael Mitcheff, and Mandip Bartels policy of providing alternative medications, used for those suffering with mental problems instead of providing pain medications.** Plaintiff was seen for physical therapy two or three times while at "WVCF" **by May BenitoRefugio, Physical Therapist,** but the physical therapy just stopped showing up **but did document that Plaintiff's pain level was at an 8 out of a 1-10 at the time Ms. BenitoRefugio did her initial evaluation on April 29, 2014. Defendants Nwannunu and Martin were fully aware that Plaintiff was in serious pain and refused to provide pain medication and provide those medications previous ordered by doctor Haber. Both defendants sought and obtained the approval of Defendants Bartels and Mitcheff to deny pain medications to Plaintiff as well as physical therapy.**

4

5.      On July 8, 2014, Plaintiff was transferred to the New Castle Correctional Facility, (hereinafter, "NCCF"), and placed in Unit A, which is **called** an assisted living housing Unit for offenders with medical problems.  **By the time Plaintiff was transferred to "NCCF" he was taking, instead of pain medication, Elavil, and Zoloft was provided for the serious pain Plaintiff suffered and continues to suffer.**

6.      Plaintiff was advised by staff at "WVCF" that the transfer to "NCCF" was in order to get Plaintiff the physical therapy that had previously been ordered by doctors at "THRH", and staff at "WVCF" thought that because of the damage to Plaintiff's brain, left side, and headaches, medical staff at "NCCF" was better equipped to provide Plaintiff the medical treatment needed.

7.      Plaintiff was first seen by Defendant Desma Allen within twenty (20) days of Plaintiff's transfer to "NCCF", and Defendant Allen advised Plaintiff that she did not think physical therapy would help, and told Plaintiff that he would most likely never walk again.  Defendant Allen would not order pain medication for Plaintiff because in her words it would not be approved down State anyway.  The medication given Plaintiff by Defendant Allen had to be stopped because of adverse reaction, and did little good, if any, to help with the pain.

8.      Plaintiff continued to submit Health Care Request pointing out he was in pain but was denied pain medication by Defendants Benjamin Loveridge and Desma Allen in response to those Heath Care Request.

9.      On August 9, 2014, Plaintiff awoke to find himself even more confused than usual and very sick.  A Correctional Officer had Plaintiff sent to medical.  The nurse on duty contacted Defendant Allen by phone and informed the Defendant that Plaintiff's vital signs did not look good, and that she was very concerned.

10.     Defendant Allen delayed having Plaintiff sent to an outside hospital despite the nurse's warning that she was very concerned.

11.     Because of Plaintiff's confusion, offender John Lane-El and Harry Ferguson was sent for.  Thereafter, offender Ferguson witnessed Plaintiff's death and medical staff(s) actions to restart Plaintiff's heart, offender Ferguson was ordered out of the building and Plaintiff was rushed to an outside hospital.  Offender Ferguson did hear the nurse say that she had "started Plaintiff's heart, and that she should have been allowed to send Plaintiff out an hour ago."

12.     Plaintiff awoke to find himself in the St. Vincent Regional Hospital, (hereafter "SVRH"), and was transferred back to "NCCF" within two (2) days, and placed in the Facility Infirmary.

13.     On August 14, 2014, Defendant Loveridge informed Plaintiff that the test results from the doctors at "SVRH" showed that Plaintiff has never had a stroke and that his medications would be changed based on the recommendations of the findings of doctors at "SVRH." See test results and reports of "SVRH," attached and marked as Exhibit B, pages 1-4.

14.     On August 22, 2014, Defendant Loveridge had Plaintiff's wheelchair and walker removed from him by nurse J. Rosier which made it almost impossible to move from place to place and very painful to do so.

15.     On August 23, 2014, the nurse on duty told Plaintiff that Defendant Loveridge had told her that nothing was wrong with Plaintiff. She said that Defendant Loveridge had advised her and other medical staff that all the test results from "SVRH" showed that Plaintiff had never had a stroke and he, Defendant Loveridge, (she thought), had discussed all that with Plaintiff, and if not, would do so on Monday, August 25, 2014.

16.     On Monday, August 25, 2014, without seeing Defendant Loveridge, Plaintiff was released from the prison infirmary and moved to E Housing Unit, top floor, top bunk bed. However, after a short discussion with Case Manager Hinshaw, she stopped the bed placement and had Plaintiff transferred to J3-125, bottom floor, bottom bed. Plaintiff was forced to move from the prison infirmary without a wheelchair, walker, or any other means, and pick up medication and meals. Other offenders helped Plaintiff as much as possible and one offender would allow Plaintiff to use his walking stick as much as possible.

17.     On Thursday, August 28, 2014, Plaintiff received a pass to see a Dr. Kane, Room 17, at 9:15, and another pass for 9:45 to see Defendant D. Allen. After a brief discussion with Dr. Kane wherein she explained that she was going to do some testing on Plaintiff in the afternoon. She rescheduled Plaintiff until 12:15 on the same day. Dr. Kane questioned the Plaintiff concerning the D.N.R. he must have signed.

18.     On the same date, August 28, 2014, Plaintiff proceeded to the second pass at medical but did not see Defendant D. Allen but instead Defendant Loveridge called Plaintiff in his office and told Plaintiff he had been wrong and that plaintiff had been correct. That he had seen Plaintiff's medical records concerning stroke suffered on April 7, 2014, from the "THRH" which supported the fact Plaintiff had suffered a stroke. Defendant Loveridge's refusal to reinstate Plaintiff's pain medications and stated he could do nothing about the pain.

19.     On Friday, August 29, 2014, Plaintiff was moved from J3-125 to E3-303, which is a bottom floor,

6

bottom bed, and was again forced to move from place to place without proper means for a person in Plaintiff's condition.

20.   At approximately 12:15 on August 28, 2014, Plaintiff again was called to the office of Dr. Kane for testing. She also asked Plaintiff about a D.N.R. Plaintiff must have signed but don't recall doing so. Plaintiff explained that his family, "at this point" did not want the D.N.R. because it appeared to them, and Plaintiff, that Plaintiff would now be dead if a D.N.R. was in the hands of the medical staff of Defendant Corizon, specifically, those at the New Castle Correctional Facility. After the testing by Dr. Kane she advised Plaintiff that she would be back in touch with him on Thursday, September 2, 2014, and provide Plaintiff with an understanding surrounding his memory loss in her opinion.

21.   On September 2, 2014, Plaintiff was given his wheelchair back, and on September 3, 2014, Plaintiff was moved back to A1-124, the Assisted Living Unit at the Facility wherein medication is given to offenders in the unit and other offenders push offenders to call outs and meals.

22.   D. Miller started physical therapy with Plaintiff here at "NCCF" recently but admitted she was concerned because of the stroke being in April, 2014, and it now being November, 2014. She provided Plaintiff with a rolling walker.

23.   **Plaintiff was seen by Defendant Deborah L. Perkins on or about November 11, 2014, December 2, 2014, and January 12, 2015. Defendant Perkins refused to provide Plaintiff with pain medication and simply resorted to an easier course of treatment ordered by Defendant Loveridge and Bartels.**

24.   **Defendant Perkins informed Plaintiff that Defendant Bartels and Loveridge had informed her that Plaintiff had never had a stroke and that Plaintiff was to be wean off of Neurontin and started on Elavil.**

25.   **Defendants Allen, Loveridge, Perkins, and Bartels while being fully aware that Plaintiff suffered an injury to his right shoulder prior to his April 7, 2014 stroke (most likely rotatory cuff tear), and must rely on his right side when trying to use his rolling walker and/or walking stick because of the stroke have refused to require corrective surgery, and provide pain medication for the injury.**

26.   Plaintiff filed a grievance seeking medical attention but his grievance was denied.  See Appendix F attached and incorporated herein by reference thereto.

7

27. At the time of Plaintiff's April 7, 2014 stroke he fell, and the fall injured almost all his teeth to the point of requiring Plaintiff to be placed on Hydrocodone. (Trade Name: Norco 5-325 Table), every 4 hours or as needed for severe tooth pain while at the "THRH". The Dental Department at "WVCF" upon Plaintiff's return to the facility on April 22, 2014 removed one (1) of Plaintiff's teeth, and Defendants Nwannunu, Martin, Bartels, and Mitcheff stopped the pain medication along with all other ordered pain medications by Dr. Irving Haber.

28. Laurence Davis, DDS, "NCCF" Dental Clinic, in response to Plaintiff's continuing requests for dental treatment because of serious pain, subjected Plaintiff to multiple extractions requiring Plaintiff to suffer unnecessary pain, starting in July 2014, and continuing until February, 2015. Plaintiff was provided (over-the-counter pain relievers) which did little to relieve the pain of having the teeth removed that day, and provided no relief for the weeks prior to the next extraction. Plaintiff filed a grievance seeking help but his grievance was denied. See Appendix G.

## V. Claim

**Claim I:** Defendants Benjamin Loveridge, Desma Allen, Michael Mitcheff, **John M. Nwannunu, Neil J. Martin, Deborah L. Parkins, and Mandip Bartels** actions as set forth in paragraph 1-28 of stopping and refusing pain medication to Plaintiff, **as well as surgery**, constitutes a deliberate indifference to Plaintiff serious medical needs in violation of the 8th Amendment of the United States Constitution.

**Claim II:** Defendants Michael Mitcheff, Desma Allen, Benjamin Loveridge, **John M. Nwannunu, Neil J. Martin, and Mandip Bartels** actions of stopping and refusing Plaintiff physical therapy from April 2014 until November 2014, constituted a deliberate indifference to Plaintiff's serious medical needs.

**Claim III:** Defendant Benjamin Loveridge actions as set forth in paragraphs 1-21, was a deliberate indifference to Plaintiff's medical condition when he removed Plaintiff's wheelchair, walker, and forced Plaintiff into the prison population without the means to obtain his meals and those medications he continues to receive in violation of the 8th Amendment to the United States Constitution, when, and where, as here, Defendant had access to Plaintiff's "THRH" medical records, and should have been fully aware of Plaintiff's medical condition.

**Claim IV:** Defendant, Desma Allen and Benjamin Loveridge actions were negligent under State Laws, where, as here, they failed to review Plaintiff's medical records once he explained to them that he had suffered a stroke, and had been transferred to "NCCF" for physical Therapy and medical care.

8

**Claim V:** Defendant Benjamin Loveridge actions constituted medical malpractice and negligence under State Law, where, as here, Defendant knew or should have known of the "THRH" medical records, and acted upon "SVRH" reports in removing Plaintiff's wheelchair, walker, and forced Plaintiff into prison population without means to obtain meals and medication needed, and move around freely.

### VI. Previous Lawsuits and Administrative Relief

1. Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? **No**
If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuit using this same format on a blank sheet which you should label "IV. Previous Lawsuit and Administrative Relief.)

a. Parties to previous lawsuit:

Plaintiffs):_____
Defendant(s): _____

_____

b. Name and location of court and docket number: _____
c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)_____
d. Issues raised _____
e. Approximate date of filing lawsuit: _____
f. Approximate date of disposition: _____

2. I have previously exhausted available administrative remedies regarding the events or acts complained of in Part III of this complaint. **Yes**

If your answer is "Yes," briefly describe how relief was sought and the result:

    Plaintiff suffered a stroke in April 2014, which caused serious mental damage, specifically, short and long term memory loss.

    Plaintiff believes he attempted to submit a grievance for filing at "WVCF" regarding Michael

9

Mitcheff and Mandip Bartels stopping his pain medication and rehabilitation but was advised that he could not do so because the Facility medical department had no control over his actions nor could they do anything about his actions.

Plaintiff filed a grievance while in the prison infirmary at "NCCF" but does not have a complete copy of it but believes he attached it to the resent Amended Complaint he attempted to file in the matter of *John M. Holland v. Corizon, et al.*, No. 1:14-CV-01442-JMS-DKL, (dkt. 19). (Plaintiff has found a copy of the grievance he attempted to file, see attached C hereto. Plaintiff did send it down State; see attachment to Amended Complaint on file in *John M. Holland v. Corizon, et al.*, No. 1:14-CV-01442-JMS-DKL, (dkt. 19).

Plaintiff submitted a grievance on 9/16/2014, and on 11/19/2014 received receipt showing that the grievance had been received on 9/17/2014. See attachment D. The problem with that is Plaintiff did not receive that item until 11/19/2014. See attachment D, wherein C/O Beem witnessed the date of giving it to Plaintiff. Thus, any possible appeal process had ended. Plaintiff has been unable to restart it.

**Plaintiff submitted a grievance on 11-17-14, and on 1-5-15 after exhausting it to conclusion received a final denial of medical treatment. See attachment F. Another offender received the same denial (word for word) Plaintiff received denying his grievance. See attachment F-1. Plaintiff submitted a grievance concerning his dental pain. See attachment G.**

Plaintiff can only get access to the law library and offenders that will help him and keep records for him about two (2) times a month, and without assistance cannot file a grievance and make deadlines required in the grievance process.

In all truth, without assistance, the filing and exhausting of available Administrative remedies ended for the Plaintiff on April 7, 2014, when he had the stroke, and for that reason ask that this

Court excuse his failure to properly exhaust, if exhausting did not occur.  Again, see Amended Complaint Exhibits in *John M. Holland v. Corizon, et al.,* No. 1:14-CV-01442-JMS-DKL, (dkt. 19).

### VII. Previously Dismissed Actions or Appeals

1. If you are proceeding under 28 U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "V. Previously Dismissed Actions or Appeals."

a. Parties to previous lawsuit:

Plaintiff(s): John M. Holland

Defendant(s): Corizon, et al.,

b. Name and location of court and docket number:

U.S. District Court, Indianapolis Division, No.: 1:14-CV-01442-JMS-DKL.

c. Grounds for dismissal: N/A

( ) frivolous  ( ) malicious  ( ) failure to state a claim upon which relief may be granted.
d. Approximate date of filing lawsuit: September 3, 2014
e. Approximate date of disposition: Pending

### VIII. Request for Relief

Enter Declaratory Judgment that the Defendants actions as set forth herein constituted malpractice under Indiana law, and violates the Eighth and Fourteenth Amendments of the United States Constitution;  2)  Issue a preliminary injunction directing Defendants to immediately discontinue the practice a) of obtaining D.N.R.'s from prisoners that have suffered brain damage or that have mental problems; b) the practice of stopping and/or changing medical orders and medications prescribed by outside of the Facility doctors when that prisoner has been specifically sent to those doctors for medical treatment; c) the practice of providing doctors and nurses that have questionable backgrounds and/or from Third World Countries that cannot even

communicate with the prisoners which could effect the medical treatment to prisoners, d) refusing to provide physical therapy to prisoners ordered physical therapy by outside doctors; and e) most importantly, providing a medical staff at the Facility, including doctors, dentist, that is sufficient to provide adequate medical treatment to that Facilities prisoner population; 3) Issue a permanent injunction to the same effect; 4) Grant Plaintiff out-of-pocket money that he would have earned had it not been for the actions of the Defendants; 5) Grant Plaintiff damages to make him whole in the amount of $25,000.00 from each Defendant, including the cost of this action and reasonable attorney fees, as provided by law, if this Court appoints an attorney or if Plaintiff retains an attorney; 6) Grant Plaintiff damages from each Defendant for the pain suffered each day he suffered from pain in the amount of $300.00 a day; 7) Grant Plaintiff punitive damages in the amount of $25,000.00 from each Defendant; and 8) Grant Plaintiff such other and further relief as the Court deems appropriate in the circumstances. Specifically, Plaintiff has not presented his State claims of medical malpractice and negligence to the Indiana Review Panel established under *IC 34-18-10* but because Plaintiff in this action seeks only fifteen thousand dollars ($15,000) as to those State claims of negligence and medical malpractice it is not necessary. See *IC 34-18-8-6* and *Declaration of John M. Holland*, attached and marked Exhibit G.

Dated: 8/05/15

John M. Holland, #31008
New Castle Correctional Facility
Post Office Box A
New Castle, Indiana 47362

## IX. Verification

I, John M. Holland, declare under penalty of perjury that the above information is true and correct.

8/05/15
DATE

John M. Holland

## CERTIFICATE OF SERVICE

12

I, *John M. Holland*, do hereby certify that a true and correct copy of the foregoing Amended Civil Rights Complaint, has been served upon the below listed persons, by depositing the same in the United States mail, First Class Postage prepaid, this 5th day of August, 2015.

        Jeb Adam Crandall
        Bryan David Stoffe
        Attorneys at Law
        8470 Allison Pointe Boulevard
        Suite 420
        Indianapolis, Indiana 46250;

        Lynn A. Toops
        Vess Allen Miller
        Attorneys at Law
        One Indiana Square
        Suite 1400
        Indianapolis, Indiana 46204; and

        */s/ John M. Holland*
        John M. Holland, DOC#31008