IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. HOLLAND #31008 | : |
| Plaintiff, | : CASE NO. 1:14-CV-02065-SEB-MJD |
| v. | : Assigned to: Judge Sarah Evans Barker |
| MICHAEL MITCHEFF, M.D., ET AL. | : Referred to: Judge Mark J. Dinsmore |
| Defendants. | : |

### DECLARATION OF MANDIP BARTELS, M.D.

Pursuant to 28 U.S.C. § 1746, MANDIP BARTELS, M.D. states under oath as follows:

1.

My name is Mandip Bartels, M.D. and I am over the age of eighteen, of sound mind, and am competent to testify as to all facts in this Declaration.

2.

I am a physician licensed to practice in the State of Indiana. I am competent and qualified as an expert witness under Indiana law to testify regarding the degree of skill, care, and diligence expected by members of my profession.

3.

My testimony set forth herein is based upon my professional knowledge and records kept in the normal course of business at Indiana Department of Correction ("IDOC") facilities, and by my former employer Corizon, LLC. To the extent that I rely on a medical record or other document for my testimony, such record is specifically referenced herein.



4.

A true and correct copy of the pertinent portions of the Plaintiff in this action, John Holland's ("Plaintiff") medical record for the time period covered in Mr. Holland's Complaint is attached as "Exhibit A-1." The medical record contains diagnoses, conditions, opinions, acts, and events made at or near the time of entry by a person with knowledge and are kept in the course of a regularly conducted business activity by the IDOC. Medical professionals reasonably rely on the facts and data maintained in the medical record in forming their opinions. I understand that in compliance with HIPAA privacy rules, not all of Plaintiff's medical file is being copied and filed in this lawsuit, but only those records minimally necessary for explanation of Plaintiff's relevant medical care and for defense of the claims against me in this action.

5.

I understand that Plaintiff has named me as a defendant in the lawsuit listed above because he believes that I denied shoulder surgery and that I prevented him from receiving appropriate pain medications and physical therapy.

6.

I was formerly employed as the Regional Medical Director for Corizon, LLC in Indiana from October 15, 2012 until December 12, 2014. As the Regional Medical Director, I was not involved in the day to day medical care of inmates. Rather, my involvement with patient care included evaluation of requests for medical services and consultations that could not be provided on-site at the correctional facility. Specifically, I would review such requests and the inmate's electronic medical record to provide a second opinion and recommendation as to whether the queried procedure or consultation was necessary. While I made recommendations regarding courses of treatment, I did not dictate the medical treatment an inmate was to receive.

Specifically, if a medical provider disagreed with my recommendation or felt strongly enough about a particular course of treatment, they were able to further discuss with me and had autonomy such that they could proceed with any treatment that felt was medically required.

7.

On or about May 29, 2014, I agreed with the recommendation of Plaintiff's provider to prescribe Elavil, a tricyclic antidepressant commonly used to treat tension and migraine headaches, for Plaintiff's headache complaints. (Exhibit A-1, pp. 262-264).

8.

Plaintiff's medical records reflect that on September 12, 2014, I discussed with Dr. Benjamin Loveridge, Plaintiff's primary medical care provider, Plaintiff's use of Elavil and Neurontin to treat his complaints of pain and headache. (Exhibit A-1, pp. 29-32). I requested information about Plaintiff's reported pain, his activities of daily living (ADLs), his Neurontin dose, his neurological deficits, and his activities during recreation. (*Id.* at p. 30). Dr. Loveridge reported that Plaintiff had been found by the mental health staff to have moderate cognitive impairment in the form of memory problems and that Plaintiff complained of "total body pain." (*Id.*). I expressed my concern about Neurontin's reported side effects of short term memory loss and myalgia limb pain (muscle pain), and Dr. Loveridge suggested discontinuing Plaintiff's Neurontin prescription and increasing his Elavil prescription in order to see if Plaintiff's cognitive function increased. (*Id.* at pp. 29-30). I agreed with Dr. Loveridge's suggestion, and the change in Plaintiff's prescription from Neurontin to Elavil was implemented on September 26, 2014. (*Id.* at pp. 18-19).

9.

On October 27, 2014, I authorized six sessions of on-site physical therapy for Plaintiff at Dr. Loveridge's request to address Plaintiff's complaints of hip pain. (Exhibit A-1, p. 3). Plaintiff's medical records indicate that he received the authorized physical therapy sessions. (*Id*. at pp. 1018-1022).

10.

I left Corizon on December 13, 2014 for another position and had no involvement in Plaintiff's care after that date.

11.

The medical records reflect only that I was involved in the requests regarding Plaintiff's Neurontin and Elavil prescriptions and that I approved Dr. Loveridge's October 2014 request for physical therapy. I was not aware of Plaintiff's other complaints.

12.

The medical record further reflects that Plaintiff's complaints of pain continued to be followed by medical staff at the facility and he was appropriately assessed and treated for his complaints.

13.

In my opinion, the medical records reflect that Plaintiff received appropriate care for his complaints of pain. His medical needs were not ignored nor was he denied treatment for his complaints. He was treated with appropriate pain medications. Plaintiff's medical treatment was appropriate and within the prevailing standard of care.

14.

As Regional Medical Director, I was not Plaintiff's treating physician. I did not prevent any of Plaintiff's medical providers from providing appropriate medical care by enforcing any policy or procedure of Corizon. At no time did I base my medical care of inmates on anything other than my medical judgment and I did not ignore Plaintiff's medical needs. Further, the treatment Plaintiff has received for his medical conditions while he has been incarcerated has been appropriate and within the standard of care.

15.

The above statements are true and based upon my personal knowledge and expertise to which I am competent to testify at trial. I declare, certify, verify and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_1/8/2016_
(Date)

_[signature]_
MANDIP BARTELS, M.D.